IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 24-43233-357 |
| | ) | Honorable Brian C. Walsh |
| **URBAN CHESTNUT BREWING** | ) | Chapter 11 Proceeding |
| **COMPANY, INC.** | ) | |
| | ) | Hearing Date: September 12, 2024 |
| EIN - 27-1324055 | ) | Hearing Time: 11:00 a.m. |
| Debtor. | ) | Location:  Courtroom 5 North |
| | ) | |
| | ) | Spencer P. Desai, Esq. |
| | ) | Desai Law Firm LLC |
| | ) | 13321 North Outer Forty Rd., Suite 300 |
| | ) | St. Louis, Missouri 63017 |
| | ) | (314) 666-9781 |
| | ) | spd@desailawfirmllc.com |

### MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 WITH  MIDLAND STATES BANK AND UNITED STATES SMALL BUSINESS ADMINISTRATION

COMES NOW Debtor Urban Chestnut Brewing Company, Inc. ("Debtor") by and through its undersigned counsel and for its Motion for the Entry of Order Authorizing the Debtor to Use Cash Collateral Pursuant to 11 U.S.C. §363(a) ("Motion"), states as follows:

### BACKGROUND

1. On September 6, 2024 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108.

3. No trustee, examiner or official committee of unsecured creditors has been appointed in this Chapter 11 Case.

4.       Debtor brings this Motion pursuant to 11 U.S.C. §363 and F.R.B.P. 4001. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M)

### DEBTOR'S PRE-PETITION RELATIONSHIP WITH MIDLAND STATES BANK AND SMALL BUSINESS ADMINISTRATION

5.       Debtor's primary secured creditor is Midland States Bank ("MSB"). As of the Petition Date, Debtor was indebted to MSB under the following promissory note and guaranties:

   a.    Promissory Note dated August 30, 2013 in the original principal amount of Five Million and No/100 Dollars ($5,000,000.00) (as modified, amended, and/or restated from time to time, collectively, the "Note"). The approximate outstanding balance of the Note on the Petition Date was $3,928,505.99. A copy of the Note is attached hereto as Exhibit A and incorporated herein as if more fully set forth;

   b.    The Note is guaranteed by David Wolfe, Jonathan Shine, Florian Kuplent, Tyler Stallings and Gillian Kuplent.

   c.    The Note is secured by valid, perfected, enforceable, first-priority lien and security interest upon and in the assets of the Debtor including all equipment, inventory, receivables, accounts, accounts receivable ("Business Assets") chattel paper, instruments and general intangibles and the proceeds of the foregoing (collectively the "Cash Collateral"). A copy of the Security Agreement and UCC filings are attached hereto as Exhibit B and incorporated herein as if more fully set forth.

6.       Debtor's junior secured creditor is the United States Small Business Administration ("SBA"). As of the Petition Date, Debtor was indebted to SBA under the following promissory note and guaranties:

2

      a.      Promissory Note dated February 11, 2022 in the original principal amount of Two Million and No/100 Dollars ($2,000,000.00) (as modified, amended, and/or restated from time to time, collectively, the "SBA Note").  The approximate outstanding balance of the Note is $2,164,363.66.  A copy of the SBA Note is attached hereto as Exhibit C and incorporated herein as if more fully set forth;

      b.      The SBA Note is guaranteed by David Wolfe and Florian Kuplent.

      c.      The SBA Note is secured by valid, perfected, enforceable, lien and security interest upon and in the assets of the Debtor including all equipment, inventory, receivables, accounts, accounts receivable chattel paper, instruments and general intangibles and the proceeds of the foregoing.  A copy of the Security Agreement and UCC filings are attached hereto as Exhibit D and incorporated herein as if more fully set forth.

## THE DEBTOR'S NEED FOR USE OF CASH COLLATERAL

7.      The Debtor requires use of cash collateral to continue the normal day to day operations of the business.

8.      The expenses the Debtor anticipates in the next sixty (60) days are detailed in the proposed cash collateral budget attached hereto as Exhibit E and incorporated herein as if more fully set forth.

9.      Pursuant to Section 363(c)(2) of the Bankruptcy Code, if MSB's and SBA's interest in the Cash Collateral is valid, the Debtor may use cash collateral only with the consent of lenders or with the Court's approval.

10. MSB's and SBA's interest in the Cash Collateral is adequately protected. The Debtor has secured a purchase offer for the Business Assets in excess of the value of the Business Assets. Further, adequate protection will be provided to MSB by a monthly payment in the amount of $49,033.22 representing monthly post-petition principal and interest ("Adequate Protection Payment"). In the event the Business Assets are sold for a gross sale amount equal to or greater than Two Million Five Hundred Fifty Thousand Dollars ($2,550,000.00) ("Purchase Price"), any adequate protection payments made during this proceeding shall be a credit toward the Purchase Price.

11. The value of the Business Assets does not exceed the amount of the MSB Note and, as a result, the claim of the SBA is unsecured and not entitled to adequate protection.

12. Approval of this Motion is in the best interest of the Debtor's estate, and the Debtor believes that other creditors will not be prejudiced by the relief requested in this Motion.

13. The Debtor requests that it be immediately authorized, pursuant to Section 363(c) of the Bankruptcy Code, to use Cash Collateral according to the terms of the Interim Order.

**BANKRUPTCY RULE 4001 CONCISE STATEMENT**

14. Material provisions of the relief requested as set forth and/or in the Interim Order:

   (a) *Parties:* Midland States Bank and Small Business Administration

   (b) *Use:* For protection and safeguard of the Debtor's business assets and to fund the Debtor's retail operations.

   (c) *Term:* The Debtor is authorized to use Cash Collateral on an interim basis during the period from the Petition Date through the earlier of (x) the day that is 30 days after entry of the Interim Order, with such date extendable with lenders consent, which consent shall not be unreasonably withheld or (y) entry of the Final Order.

   (d) *Adequate Protection:*

      (i) Adequate Protection Payment. Adequate protection payment to MSB will be a monthly of post-petition accrued interest in

4

       the amount of $49,033.22 at the non-default rate interest made on or before September 27, 2024.

    (ii) <u>Adequate Protection Liens</u>.  MSB and SBA will retain their valid pre-petition liens on the Debtor's assets.

 (e) ***Post-Petition Reporting:*** The Debtor shall provide MSB and SBA with a monthly summary of all income and expenses incurred and such other information as Lender may reasonably request.

 (f) ***Reporting:*** The Debtor shall continue to comply with the reporting requirements of the Loan Documents and any further reasonable requirements agreed to by Debtor and MSB and SBA.

## REQUEST FOR INTERIM RELIEF

15. Use of the Cash Collateral represents the Debtor's sole source of operating funds.

16. Without the right to use Cash Collateral to operate the business, the source of repayment to all creditors in this proceeding will be jeopardized.  The Debtor seeks, therefore, after a preliminary hearing, immediate use of cash collateral to avoid immediate and irreparable harm to the Debtor and its estate.  A copy of the proposed interim order is attached hereto as Exhibit F.

## BASIS FOR RELIEF

16. The Debtor's use of property of its estate is governed by section 363 of the Bankruptcy Code, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).

17. Section 363(c)(2)(A) of the Bankruptcy Code permits a debtor in possession to use cash collateral with the consent of the secured party. Section 363(e) of the Bankruptcy Code

5

requires that the debtor adequately protect the secured creditors' interest in property to be used by a debtor against any diminution in value of such interest resulting from the debtor's use of the property during this Chapter 11 case.

18. What constitutes sufficient adequate protection is decided on a case-by-case basis. *In re Martin,* 761 F.2d 472 (8th Cir. 1985); *In re Sharon Steel Corp.,* 159 B.R. 165, 169 (Bankr. W.D.Pa. 1993); *In re Columbia Gas Sys., Inc.,* 1992 WL 79323, at *2 (Bankr. D. Del. Feb. 18, 1992); In *re Mosello,* 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); *In re Sw. Assos.,* 140 B.R. 360 (Bankr. S.D.N.Y. 1992). By adequate protection, the Bankruptcy Code seeks to shield a secured creditor from diminution in the value of its interest in the particular collateral during the period of use. *See In re 495 Cent. Park Ave. Corp.,* 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); *In re Cont'l Airlines, Inc.*, 154 B.R. 176, 180-81 (Bankr. D. Del. 1993); *In re Hubbard Power & Light,* 202 B.R. 680 (Bankr. E.D.N.Y. 1996). Adequate protection can come in various forms, including payment of adequate protection fees, payment of interest, and granting of replacement liens and administrative claims.

19. The Debtor submits that the Adequate Protection Liens, Section 507(b) Claim for the benefit of the Secured Lenders and proposed interest payment represents adequate protection that is necessary and appropriate under the circumstances of this Chapter 11 case to ensure that the Debtor is able to continue using Cash Collateral for the benefit of all parties during the pendency of the proceeding. Accordingly, the proposed adequate protection to the Lender as authorized by the Interim Order is fair and reasonable and sufficient to satisfy the requirements of sections 363(c)(2) and (e) of the Bankruptcy Code.

**REQUEST FOR FINAL HEARING**

20. Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to obtain credit or use cash collateral may not be commenced earlier than 14 days after service of such motion. The court, however, is authorized to conduct an expedited hearing prior to the expiration of such 14-day period and to authorize the obtaining of credit or use of cash collateral where, as here, such relief is necessary to avoid immediate and irreparable harm to a debtor's estate.

21. The Debtor's ability to finance its operations and the availability to the Debtor of sufficient working capital and liquidity is vital to the confidence of the Debtor's employees and customers and to the preservation and maintenance of the value of the Debtor's estate. As discussed above, the Debtor requires immediate use of Cash Collateral in order to meet its liquidity needs in connection with this Chapter 11 case.

22. The failure to obtain approval of the use of Cash Collateral on an expedited basis would no doubt lead to immediate and irreparable harm to the Debtor's estate. Accordingly, the Debtor seeks immediate entry of the Interim Order to prevent immediate and irreparable harm to the Debtor's estate pending the Final Hearing pursuant to Bankruptcy Rule 4001(b).

**NOTICE**

23. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; (b) Debtor's 20 largest unsecured creditors as identified in its Chapter 11 petition. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

24. The Debtor further requests that the Court deem service of this Motion, pursuant to Bankruptcy Rules 4001(b)(1) and 4001(c)(1) and service of the Interim Order, good and sufficient notice of the final hearing.

## **NO PRIOR REQUEST**

25. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Debtor Urban Chestnut Brewing Company, Inc. respectfully requests that the Court enter an Interim Order after a preliminary hearing:

A. Authorizing the Debtor's immediate use of the Cash Collateral in the amounts set forth in the Motion to avoid immediate and irreparable harm to the Debtor and its estate;

B. After a final hearing, enter a final order authorizing the Debtor use of cash collateral; and

C. Such other and further relief as this Court may deem just and proper.

Dated September 10. 2024                    Respectfully submitted,

THE DESAI LAW FIRM, LLC

By: */s/ Spencer P. Desai*
Spencer P. Desai, #39877
13321 North Outer Forty Road, Suite 300
St. Louis, MO 63017
Telephone: (314) 666-9781
Facsimile: (314) 448-4320
spd@desailawfirmllc.com

*PROPOSED ATTORNEYS FOR DEBTOR*

8