UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| URBAN CHESTNUT BREWING ) | Case No. 24-43233 |
| COMPANY, INC. ) | |
| ) | Chapter 11 |
| ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO URBAN CHESTNUT'S MOTION FOR EXPEDITED HEARING (DOC. 73)**

COMES NOW the United States of America, on behalf of its agency, the United States Small Business Administration (the "SBA"), by and through its counsel, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney for the Eastern District of Missouri, and for its Response in Opposition to Urban Chestnut's Motion for Expedited Hearing (Doc. 73), states as follows.

1. Debtor Urban Chestnut Brewing Company, Inc. ("Urban Chestnut") is seeking an expedited hearing for, among other things, its pending Motion to Borrow (Doc. 69) and Motion to Sell (Doc. 70). These motions were filed at approximately 7:30 pm on Sunday, October 6, 2024. Urban Chestnut is seeking a hearing at 10:00 am on Thursday, October 10, 2024.

2. There is a significant amount of taxpayer money at stake in this case. Among other things, Urban Chestnut owes approximately $2.1M to the SBA on account of a loan through the SBA's Economic Injury Disaster Loan program. In addition, Urban Chestnut owes approximately $3.9M to Midlands State Bank ("Midlands") on a loan issued under the SBA's 7(a) Loan Program—which means that the SBA guarantees the Midlands' loan. Even if the anticipated sale

1

of Urban Chestnut takes place, the United States is potentially looking at a loss of over $4,000,000 of taxpayer money.

3. Given the amount of taxpayer money at stake, the United States Attorney's Office and the SBA have numerous unanswered questions in need of resolution before it can determine what position it will take on the pending motions. For example,

    a. Urban Chestnut's Motion to Sell, *see* Doc. 70, references an agreed upon asset purchase agreement ("APA") which is supposed to be appended as Exhibit 2. However, the APA was not filed until the afternoon of October 7, 2024. *See* Doc. 75. The United States is still reviewing the APA and must then discuss it with the agency representatives.

    b. The Motion to Borrow proposes to give the proposed DIP Lender a second-position lien on substantially all Urban Chestnut's pre-petition assets. However, the United States currently has a second-position lien, and the motion (without citation to authority) seeks an order allowing the DIP Lender to "jump ahead" of the SBA. The United States will likely consent to this relief, however, the United States needs time to discuss this internally with the SBA.

    c. With the potential of a new DIP Loan, the United States may prosecute its pending objection to Debtor's use of cash collateral, *see* Doc. 36, unless additional adequate protection payments are made to the SBA.

4. Until such time as these concerns—plus others—are addressed, the United States is uncomfortable with a hearing being held on an expedited basis, when the relief could ultimately lead to a significant loss to the taxpayers. The United States, as the party that will ultimately suffer

the greatest loss in this bankruptcy, has a right to timely review the hundreds of pages of pleadings and discuss the matter with the impacted agency.

5.  Pursuant to L.R. 9013-2(A), a party seeking a hearing less than twenty-one (21) days after the filing of the motion must set forth "the reason the matter should be considered on an expedited or emergency basis." Yet, the only reason set forth in the Motion for Expedited Hearing is "the relief requested in the Motions is necessary for efficient administration of the Debtor's estate." *See* Doc. 73 at 2. This explanation does not satisfy the requirements under the local rules. Debtor does point out that it only seeks interim relief at the October 10 hearing. However, even on an interim basis, the United States' concerns still apply.

6.  The federal government is the largest lender in the United States, yet in the Eastern District of Missouri, only one Assistant United States Attorney is tasked with defending the taxpayers' interests in all the Chapter 7, 9, 11, and 12 cases (and half the Chapter 13 cases) filed in this District (in addition to a full case load of real estate, criminal, and civil matters). It is imperative that parties involve the United States *early* in cases—<u>even pre-petition if possible</u>—if they want a timely answer from the United States. Unlike some private entities, there are necessary approvals within the government can take significant time to complete—especially ones involving millions of dollars of taxpayer money.

7.  Nevertheless, the United States Attorney's Office wants to help facilitate a deal in this case and wants to continue productive conversations between all the parties. As such, the United States Attorney's Office would welcome all the parties to one of its conference rooms the morning of the hearing, as early as 7:00 am, so that a discussion could be had and (with any luck) a resolution reached (that can be announced later that morning). The United States could try and have one or more SBA agency representatives on the phone at such a meeting. Conveniently to

3

the parties, the U.S. Attorney's Office is in the Eagleton Courthouse, so the meeting could go up to the time of the hearing in this matter.

WHEREFORE, the United States prays this Court deny Urban Chestnut's motion for expedited hearing (Doc. 73).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


/s/ *Joshua M. Jones*
JOSHUA M. JONES #61988MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2310
(314) 539-2287 fax
joshua.m.jones@usdoj.gov

## Certificate of Service

Pursuant to L.R. 9004(D)(1) and L.R. 9013-1(A), the undersigned hereby certifies that on October 7, 2024, a copy of the foregoing was filed electronically and therefore served by operation of the Court's CM/ECF system upon all parties in interest participating in said system.

Pursuant to L.R. 9004(D)(2) and L.R. 9013-1(A), the undersigned hereby certifies that a copy of the foregoing was filed electronically on October 7, 2024, and then a copy of the foregoing was mailed, via United States Postal Service, first-class postage prepaid, to the following list of parties in interest who do not participate in the CM/ECF system:

Spencer P. Desai
The Desai Law Firm, LLC
13321 North Outer Forty Road
Suite 300
St. Louis, MO 63017

Eric. C. Peterson
Spencer Fane LLP
1 North Brentwood, Suite 1200
St. Louis, Missouri 63105

Nathan S. Puckett
Assistant City Counselor
1200 Market Street
City Hall, Room 314
St. Louis, Missouri 63103

Bruce D. LeMoine
David L. Going
Armstrong Teasdale, LLP
7700 Forsythe Blvd., Suite 1800
St. Louis, Missouri 63105

Office of the U.S. Trustee
Attn: Joseph R. Schlotzhauer
111 S. 10th Street
Suite 6.353
St. Louis, MO 63102

John J. Hall
Lewis, Rice et al
600 Washington Avenue
Suite 2500
St. Louis, MO 63101

/s/ *Joshua M. Jones*
Assistant United States Attorney