**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.: 24-43233-357 |
| | ) | Chapter 11 |
| **URBAN CHESTNUT BREWING** | ) | |
| **COMPANY, INC.,** | ) | Hearing Date: December 4, 2024 |
| | ) | Hearing Time: 1:30 p.m. |
| | ) | |
| Debtor. | ) | |
| | ) | Related to Doc. 13 |

**FIFTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**
**AND GRANTING ADEQUATE PROTECTION**

Upon the Motion for Order Authorizing Interim Use of Cash Collateral (the "Motion") (Doc. 13) filed by Debtor Urban Chestnut Brewing Company, Inc. ("Debtor") and the First, Second, Third, and Fourth Interim Orders Authorizing Use of Cash Collateral (Docs. 29, 63, 93, and 104), the Court finds and concludes as follows:

1. The Court has jurisdiction over the Motion and issues raised therein pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M).

2. Appropriate notice of the hearing on the continued hearing on the Motion was provided to creditors and parties in interest as required under Rule 4001(b)(3) of the Federal Rules of Bankruptcy Procedure.

3. On September 6, 2024 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §101 et seq.).

4. Debtor is a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors (the "Committee") has been appointed in this case.

5. Debtor's secured creditors are Midland States Bank ("MSB") and United States Small Business Administration ("SBA"). As of the Petition Date, Debtor was indebted to MSB and SBA as follows:

  a. Promissory Note dated August 30, 2013 in the original principal amount of Five Million and No/100 Dollars ($5,000,000.00) in favor of MSB (as modified, amended, and/or restated from time to time, collectively, the "Note"). The approximate outstanding principal balance of the Note is $3,622,071.64.

  b. The obligations under the Note are guaranteed by David Wolfe, Jonathan Shine, Florian Kuplent, Tyler Stallings and Gillian Kuplent.

  c. The obligations under the Note are secured by valid, perfected, enforceable, first-priority liens and security interests upon and in all of the assets of the Debtor including, but not limited to, all equipment, inventory, receivables, accounts, accounts receivable, chattel paper, instruments and general intangibles and the proceeds of the foregoing (collectively, the "Cash Collateral").

  d. Promissory Note dated February 11, 2022 in the original principal amount of Two Million and No/100 Dollars ($2,000,000.00) in favor of SBA (as modified, amended, and/or restated from time to time, collectively, the "SBA Note"). The approximate outstanding balance of the Note is $2,164,363.66.

  e. The SBA Note is guaranteed by David Wolfe and Florian Kuplent.

  f. The SBA Note is secured by valid, perfected, enforceable, lien and security interest upon and in the assets of the Debtor including all equipment, inventory, receivables, accounts, accounts receivable chattel paper, instruments and general

intangibles and the proceeds of the foregoing. (The Note and the SBA Note are collectively referred to as "Pre-petition Indebtedness").

6. MSB and SBA allege and the Debtor does not contest that the Pre-Petition Indebtedness is secured by valid, perfected, enforceable, first-priority lien and security interest upon and in the Cash Collateral of the Debtor. Notwithstanding the findings in Paragraph 5 above or anything else in this Order, the Committee and 4465 Manchester LLC reserve all rights to challenge the perfection, enforceability, respective lien status and security interest of MSB and SBA.

7. The Debtor will require continued use of MSB's and SBA's Cash Collateral during the case.

8. Good cause has been shown for the entry of this Order. The ability of the Debtor to safeguard its assets maximize a return for its creditors requires the availability of Cash Collateral on and subject to the terms and conditions set forth in this Order. In the absence of the use of Cash Collateral, serious and irreparable harm to the Debtor, its estate, and its creditors would occur.

NOW THEREFORE, the interim relief requested in the Motion (Doc. 13) is GRANTED and it is hereby ORDERED:

A. The Debtor is permitted to use its Cash Collateral only to the extent set forth herein or otherwise approved by the Court.

B. The Debtor may utilize Cash Collateral for payment of the expenses up to and including January 17, 2025 in the amount of $580,000.00 pursuant to the Cash Collateral Budget attached hereto as Exhibit A and incorporated herein as if more fully set forth.

C. Subject to the provisions of the *Second Interim Order (I) Authorizing Secured Postpetition Financing, (II) Granting Liens, Security Interests and Superpriority Status and (III)*

*Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(C)* dated December 11, 2024 ("Second Interim DIP Order") and as adequate protection and as inducement to MSB to permit the Debtor's use of Cash Collateral, and in addition to all existing security interests and liens granted to or for the benefit of MSB in the Cash Collateral, except as set forth in the Second Interim DIP Order, MSB is hereby granted a valid and perfected security interest in, and liens on all of the right, title, and interest of the Debtor in the Cash Collateral or other collateral (together with the proceeds and products of any and all of the foregoing, collectively, the "Post-Petition Collateral") at the same priority and to the extent MSB held pre-petition liens in the Cash Collateral or other collateral (collectively, the "MSB Replacement Lien"); *provided that* Post-Petition Collateral shall expressly *exclude* causes of action arising under Chapter 5 of the Bankruptcy Code and the Debtor's interest in Urban Chestnut Hallertauer Brauerei and any proceeds generated therefrom.

D.  As adequate protection to SBA, it shall receive a payment on December 31, 2024 in the amount of $1,030.00 representing the scheduled monthly post-petition payment under the Debtor's approved hardship accommodation. SBA is hereby granted a valid and perfected, security interest in, and liens on all of the right, title, and interest of the Debtor in the Cash Collateral or other collateral (together with the proceeds and products of any and all of the foregoing, collectively, the "SBA Post-Petition Collateral") at the same priority and to the extent SBA held pre-petition liens in the Cash Collateral or other collateral; *provided that* the SBA Post-Petition Collateral shall expressly *exclude* causes of action arising under Chapter 5 of the Bankruptcy Code and the Debtor's interest in Urban Chestnut Hallertauer Brauerei and any proceeds generated therefrom.

E. The terms of this Interim Order shall commence from December 6, 2024 and continue through and including January 17, 2025 (the "Cash Collateral Period").

F. The Debtor may use Cash Collateral for payment of post-petition expenses only, except as otherwise ordered by this Court or agreed to in writing by MSB and SBA, whose Cash Collateral is being utilized for such payments.

G. In addition, as further adequate protection, the Debtor shall continue to perform all of its obligations under the Note and related loan documents with respect to the maintenance and preservation of the Cash Collateral.

H. Without the necessity of the filing of financing statements, mortgages or other documents, this Order shall be sufficient evidence of MSB's and SBA's perfected liens and security interests granted pursuant to this Order. Notwithstanding the foregoing, upon request, Debtor shall execute and deliver to MSB and SBA, as the case may be, such documentation reasonably requested by MSB and SBA or their respective counsel as necessary or desirable to evidence Debtor's obligations hereunder and to perfect the liens and security interests granted hereunder. Debtor is authorized and directed to execute and deliver any such instruments and documents to MSB and SBA, and MSB and SBA is authorized to receive, file and/or record the same. For such purposes, the automatic stay is vacated.

I. Debtor will maintain adequate insurance on all the prepetition and post-petition assets, with MSB and SBA named as an additional insured on each such policy, and such insurance shall be in such amounts and issued by such insurers as are satisfactory to MSB and/or SBA.

J. The provisions of this Order are without prejudice to the rights of MSB and SBA to (i) object to the Debtor's use of Cash Collateral and the Debtor's use of property subject to MSB's and SBA's liens and security interest, to seek different adequate protection, move to vacate

the automatic stay, move for the appointment of a trustee or examiner, move to dismiss or convert the Case, or take any other action in the Case and to appear and be heard in any matter raised in this Case, and (ii) any and all rights, remedies, claims and causes of action which MSB may have against any other party liable under the Note, including, but not limited to, the guarantors of the obligations under the Note.

K. The Debtor's authority to use the Cash Collateral shall immediately terminate upon the occurrence of an Event of Default (as described in paragraph L. of this Order), unless such Event of Default is waived in writing by MSB and SBA. Upon such termination, the Debtor shall immediately account to and turn over to MSB and SBA all of the Cash Collateral then in the Debtor's possession.

L. The occurrence of any one or more of the following events shall constitute an event of default ("Event of Default") under this Order:

(1) The entry of an order (i) converting the Debtor's case to a case under Chapter 7 of the Code, or (ii) dismissing the Debtor's case under §1112 of the Code, or (iii) granting MSB and SBA relief from the automatic stay, or (iv) that specifically terminates this Order, or (v) appointing a trustee or examiner, or (vi) reversing, staying, vacating or otherwise modifying the terms of this Order.

(2) The Debtor's violation of any other term of this Order, including, but not limited to, the failure to make adequate protection payments to SBA or provide insurance or comply with the terms of Paragraph J. as set forth herein.

M.  Without limiting more specific provisions of this Order, the automatic stay provisions of §362 of the Bankruptcy Code are hereby modified as to MSB and SBA to the extent necessary to implement the provisions of this Order.

N.  If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this Court or any other Court without MSB's written consent, such stay, modification or vacation shall not affect (a) the validity of any obligation, indebtedness or liability incurred by the Debtor to MSB that is or was incurred pursuant to this Order before MSB's receipt of notice of the effective date of such stay, modification or vacation, (b) the validity and enforceability of the liens and security interests authorized and created by this Order or (c) MSB's right and ability to collect all amounts due to it from the Debtor.

O.  Nothing contained in this Order shall be deemed a finding with respect to further adequate protection (as such term is defined in § 361 of the Bankruptcy Code) of the interest of MSB and SBA in property of the estate, or prejudice the rights of MSB and SBA to seek other and additional relief, including, but not limited to, relief from the automatic stay.

P.  The Debtor shall not, without the prior written consent of MSB and SBA, enter into any agreement to return any assets to any of its creditors for application against any prepetition indebtedness under §546(g) of the Bankruptcy Code or consent to any creditor taking any setoff against of its prepetition indebtedness.

Q.  Further hearing on the Debtor's use of Cash Collateral and the Debtor's use of property subject to MSB and SBA's liens and security interest will be held on **January 15, 2025** at **10:00 a.m.**, in **Courtroom 5 North** in the United States Bankruptcy Court for the Eastern District of Missouri, 111 South 10th Street, St. Louis, Missouri 63102.

R. Any objections to this agreement for the use of Cash Collateral shall be filed with the Court by January 8, 2025 and served by e-mail upon Spencer P. Desai, Desai Law Firm, LLC at 13321 North Outer Forty Rd, Suite 300, St. Louis, MO 63105 (e-mail: spd@desailawfirmllc.com); David Going and Bruce LeMoine, Armstrong Teasdale LLP, 7700 Forsyth Blvd., Suite 1800, St. Louis, MO 63105 (email: dgoing@atllp.com and blemoine@atllp.com); Joshua A. Jones, 111 South 10th Street, Suite 20.333 St. Louis, MO 63102 (email: Joshua.M.Jones@usdoj.gov); Eric C. Peterson, Spencer Fane, 1 North Brentwood Blvd., Suite 1200, St. Louis, MO 63105 (email: epeterson@spencerfane.com), John J. Hall, Lewis Rice LLC, 600 Washington Ave., Suite 2500, St. Louis, MO 63101 (email: jhall@lewisrice.com); Joseph Schlotzhauer, Office of the US Trustee, 111 South 10th Street, Suite 6.353 St. Louis, MO 63102 (email: joseph.schlotzhauer@usdoj.gov) and any party who has requested notice.

S. No later than two (2) business days after the date of this order, the Debtor shall serve a copy of this order upon all parties entitled to receive service in the above referenced bankruptcy case as required by Fed. R. Bankr. 4001(d) and is directed service to file a certificate of service compliant with Local Rule 9004(D) no later than 24 hours after.

Dated: December 11, 2024  
St. Louis, Missouri  
cjs

_____  
Brian C. Walsh  
United States Bankruptcy Judge

Order Prepared by:

**Spencer P. Desai, Esq.**  
Desai Law Firm LLC.  
13321 North Outer Forty Rd, Suite 300  
St. Louis, Missouri 63017  
(314) 666-9781  
ATTORNEYS FOR DEBTOR

| Date | Tuesday, December 3, 2024 | Reconciliation |
|---|---|---|
| | Midland States Bus. Acct. Balance | **$104,400.48** |
| | Outstanding Sales Tax | -$26,273.98 |
| | Undeposited Wholesale Checks | $8,162.40 |
| | Outstanding Payroll | -$2,455.15 |
| | Outstanding Payables | -$22,716.32 |
| | **Today Reconciled** | **$61,117.43** |

| Week | Notes | Projected Receivables / Payables | Cash Flow Projected | Balance-Projected |
|---|---|---|---|---|
| | | GED 12/4 | $37,000.00 | $98,117.43 |
| | | MB 12/5 | $33,388.60 | $131,506.03 |
| | | Payroll 12/5 | -$67,000.00 | $64,506.03 |
| | Grove | Rent | -$62,488.39 | $2,017.64 |
| | | Ameren | $0.00 | $2,017.64 |
| 2-Dec | | Expense Payables 12/6 | -$5,000.00 | -$2,982.36 |
| | | COGS Payables 12/6 | -$25,000.00 | -$27,982.36 |
| | | Sales Tax | $0.00 | -$27,982.36 |
| | | Payables | $0.00 | -$27,982.36 |
| | | On-Site + Wholesale Rev by 12/8 | $41,000.00 | $13,017.64 |
| | | Insurance | $0.00 | $13,017.64 |
| | | Payroll 12/6 | -$17,000.00 | -$3,982.36 |
| | | GED 12/11 | $49,168.50 | $45,186.14 |
| | | MB 12/12 | $25,043.15 | $70,229.29 |
| | Midtown | Rent | -$2,500.00 | $67,729.29 |
| | | EIDL Hardship Loan | $0.00 | $67,729.29 |

| | | | |
|---|---|---:|---:|
| 9-Dec | Expense Payables 12/13 | -$10,000.00 | $57,729.29 |
| | COGS Payables 12/13 | -$43,000.00 | $14,729.29 |
| | Excise | $0.00 | $14,729.29 |
| | Debtor's Professional Fees | -$10,000.00 | $4,729.29 |
| | On-Site + Wholesale Rev by 12/15 | $44,000.00 | $48,729.29 |
| | **DIP Draw** | $80,000.00 | $128,729.29 |
| | Payroll | $0.00 | $128,729.29 |
| | GED 12/18 | $44,904.00 | $173,633.29 |
| | MB 12/19 | $14,800.00 | $188,433.29 |
| | Payroll 12/19 | -$67,000.00 | $121,433.29 |
| Midtown | Rent | -$18,000.00 | $103,433.29 |
| 16-Dec | Expense Payables 12/20 | -$10,000.00 | $93,433.29 |
| | COGS Payables 12/20 | -$43,000.00 | $50,433.29 |
| | Ameren other Utilities | -$15,000.00 | $35,433.29 |
| | Excise Tax | -$7,500.00 | $27,933.29 |
| | On-Site + Wholesale Rev by 12/22 | $45,000.00 | $72,933.29 |
| | Insurance | $0.00 | $72,933.29 |
| | Payroll 12/20 | -$17,000.00 | $55,933.29 |
| | GED 12/24 | $45,000.00 | $100,933.29 |
| | MB 12/24 | $25,000.00 | $125,933.29 |
| | Payroll | $0.00 | $125,933.29 |
| | Excise | $0.00 | $125,933.29 |
| 23-Dec | Expense Payables 12/27 | -$10,000.00 | $115,933.29 |
| | COGS Payables 12/27 | -$43,000.00 | $72,933.29 |
| | MSB Payment | $0.00 | $72,933.29 |
| | Sales Tax | -$20,000.00 | $52,933.29 |

| | | | |
|---|---|---:|---:|
| | On-Site + Wholesale Rev by 12/29 | $45,000.00 | $97,933.29 |
| | Insurance | -$27,518.85 | $70,414.44 |
| | Payroll | $0.00 | $70,414.44 |
| | GED 1/1 | $45,000.00 | $115,414.44 |
| | MB 1/2 | $25,000.00 | $140,414.44 |
| | Payroll 1/2 | -$67,000.00 | $73,414.44 |
| | Rent | $0.00 | $73,414.44 |
| 30-Dec | ExpensePayables 1/3 | -$10,000.00 | $63,414.44 |
| | COGS Payables 1/3 | -$43,000.00 | $20,414.44 |
| | Sales Tax | $0.00 | $20,414.44 |
| | Excise | -$3,500.00 | $16,914.44 |
| | On-Site + Wholesale Rev by 1/5 | $45,000.00 | $61,914.44 |
| | Insurance | $0.00 | $61,914.44 |
| | Payroll 1/2 | -$17,000.00 | $44,914.44 |
| | GED 1/8 | $45,000.00 | $89,914.44 |
| | MB 1/9 | $25,000.00 | $114,914.44 |
| | EIDL Hardship Loan | $0.00 | $114,914.44 |
| Grove | Rent | -$62,500.00 | $52,414.44 |
| 7-Jan | Expense Payables 1/10 | -$10,000.00 | $42,414.44 |
| | COGS Payables 1/10 | -$43,000.00 | -$585.56 |
| | Debtor's Professional Fees | -$10,000.00 | -$10,585.56 |
| | Ameren | $0.00 | -$10,585.56 |
| | DIP Draw | $80,000.00 | $69,414.44 |
| | On-Site + Wholesale Rev by 1/12 | $45,000.00 | $114,414.44 |
| | Insurance | $0.00 | $114,414.44 |
| | Payroll | $0.00 | $114,414.44 |

| | | | |
|---|---|---:|---:|
| | GED 1/15 | $45,000.00 | $159,414.44 |
| | MB 1/16 | $25,000.00 | $184,414.44 |
| | Payroll 1/16 | -$67,000.00 | $117,414.44 |
| Midtown | Rent | -$20,000.00 | $97,414.44 |
| 14-Jan | Expense Payables 1/17 | -$10,000.00 | $87,414.44 |
| | COGS Payables 1/17 | -$43,000.00 | $44,414.44 |
| | Ameren & Other Utilities | -$15,000.00 | $29,414.44 |
| | Payables | $0.00 | $29,414.44 |
| | On-Site + Wholesale Rev by 1/19 | $40,000.00 | $69,414.44 |
| | Insurance | $0.00 | $69,414.44 |
| | Payroll 1/16 | -$17,000.00 | $52,414.44 |
| | GED 1/22 | $45,000.00 | $97,414.44 |
| | MB 1/23 | $25,000.00 | $122,414.44 |
| | Payroll | $0.00 | $122,414.44 |
| | Excise | -$7,500.00 | $114,914.44 |
| 21-Jan | Expense Payables 1/24 | -$10,000.00 | $104,914.44 |
| | COGS Payables 1/24 | -$43,000.00 | $61,914.44 |
| | Sales Tax | $0.00 | $61,914.44 |
| | Payables | $0.00 | $61,914.44 |
| | On-Site + Wholesale Rev by 1/26 | $40,000.00 | $101,914.44 |
| | Insurance | -$27,518.85 | $74,395.59 |
| | Payroll | $0.00 | $74,395.59 |
| | GED 1/29 | $45,000.00 | $119,395.59 |
| | MB 1/30 | $25,000.00 | $144,395.59 |
| | Payroll 1/30 | -$67,000.00 | $77,395.59 |
| | Excise | -$3,500.00 | $73,895.59 |

| | | | |
|---|---|---:|---:|
| 28-Jan | Expense Payables 1/31 | -$8,000.00 | $65,895.59 |
| | COGS Payables 1/31 | -$40,000.00 | $25,895.59 |
| | MSB Payment | $0.00 | $25,895.59 |
| | Payables | $0.00 | $25,895.59 |
| | On-Site + Wholesale Rev by 2/2 | $40,000.00 | $65,895.59 |
| | Insurance | $0.00 | $65,895.59 |
| | Payroll 1/30 | -$15,000.00 | $50,895.59 |