IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 24-43233-357 |
| | ) | Honorable Brian C. Walsh |
| **URBAN CHESTNUT BREWING** | ) | Chapter 11 Proceeding |
| **COMPANY, INC.** | ) | |
| | ) | |
| EIN - 27-1324055 | ) | Spencer P. Desai, Esq. |
| Debtor. | ) | Desai Law Firm LLC |
| | ) | 13321 North Outer Forty Rd., Suite 300 |
| | ) | St. Louis, Missouri 63017 |
| | ) | (314) 666-9781 |
| | ) | spd@desailawfirmllc.com |
| | ) | |
| | ) | |
| | ) | |

### APPLICATION OF THE DEBTOR PURSUANT TO SECTIONS 327(E) AND 329(A) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(A) AND 2016(B) AND LOCAL BANKRUPTCY RULES 2014(A) AND 2016-1, FOR AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY SANDBERG PHOENIX AS SPECIAL COUNSEL

COMES NOW Debtor Urban Chestnut Brewing Company, Inc. ("Debtor"), by and through the undersigned counsel, and files this Application of Debtor for the Entry of an Order Pursuant to 11 U.S.C. §§ 327(e) and 329(a) of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014(A) and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules") Authorizing the Employment of Sandberg Phoenix as Special Counsel for the Debtor (the "Motion"). In support of the Motion, the Debtor states as follows:

1

## INTRODUCTION

1.      On September 6, 2024 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri.

2.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Debtor continues to operate its business as a debtor in possession. No trustee or examiner has been appointed in this Chapter 11 case.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157. No prior request has been made to this Court or any other court for the relief sought herein.

## RELIEF REQUESTED

4.      By this Application, Debtor seeks to employ the law firm of Sandberg Phoenix ("Sandberg") to represent the Debtor in connection with the sale of its asset pursuant to 11 U.S.C. §363 (the "Sale Transaction").

5.      As the Court is aware, the Sale Transaction is complicated and involves various licensing and tax issues.

6.      By this Application Debtor seeks to retain Sandberg Phoenix as Special Counsel in this Chapter 11 proceeding. Debtor seeks an order pursuant to 11 U.S.C. § 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure authorizing the Debtor to employ Sandberg.

## SERVICES TO BE PROVIDED

7.      Debtor wishes to retain Sandberg to assist in the preparation of the Asset Purchase Agreement and closing of the Sale Transaction. Sandberg is well qualified to serve as the Debtor's

special counsel for the Sale Transaction. Sandberg is one of the leading law firms in the region and serves a dynamic national client base. Sandberg has substantial experience in transactions of this type and is familiar with the Debtor's business.

8. Sandberg's role will be limited to the Sale Transaction and any related matters designated by the Debtor as appropriate for Sandberg to handle, bearing in mind the need to avoid duplication of services. Sandberg will render services to the Debtor and not the Debtor's insiders.

9. The Debtor requires knowledgeable counsel to render these essential professional services. Having represented the Debtor prior to the Petition Date, Sandberg has substantial experience with respect to the Sale Transaction. Accordingly, the Debtor respectfully submits that Sandberg is well qualified to perform these services and represent the Debtor's interests in the Sale Transaction.

10. Sandberg neither currently holds nor represents any interest adverse to the Debtor.

11. Prior to the Petition Date, the Debtor paid $14,391.50 to Sandberg for its pre-petition fees and expenses with respect to the Sale Transaction.

12. On the Petition Date, the Debtor did not owe Sandberg any money for pre-petition services.

## **COMPENSATION AND FEE APPLICATIONS**

13. Consistent with Sandberg's prepetition fee arrangement with the Debtor, and subject to the Court's approval of this application, Sandberg intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses. Sandberg's fees will be paid by the Debtor. The hourly rates charged by Sandberg professionals differ based on, among other things, the professional's level of experience.

14. Sandberg will be compensated at its standard hourly rates. Sandberg's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of the scope and complexity similar to the Sale Transaction.

15. The names, positions and current hourly rates of those Sandberg lawyers currently expected to spend significant time on the Sale Transaction are:

J. Riley Atwood – Shareholder - $330.00/hr
Bhavik R. Patel – Shareholder - $420.00/hr

16. Sandberg will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any additional procedures that may be established by the Court in this Chapter 11 case.

17. Furthermore, Sandberg contemplates charging the following expense categories: (a) outside printing; (b) delivery services/couriers and (c) other.

18. Subject to the Court's approval of this Application, Sandberg intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, including sections 330 and 331 of the Bankruptcy Code, the Local Bankruptcy Rules, and any other applicable procedure or orders of the Court and, to the extent required by the foregoing, the United States Trustee Guidelines.

19. To the best of the Debtor's knowledge, information and belief, for the reasons as set forth in Atwood's Declaration, Sandberg does not represent any entity having an adverse interest to the Debtor in this Chapter 11 Case with respect to the matters on which Sandberg has been and will be employed. The Sandberg Declaration also sets forth, pursuant to Bankruptcy

Rule 2014(a), Sandberg's connections with the Debtor, its creditors and other known parties in interest.

20. To the best of the Debtor's knowledge, and except as set forth in Atwood's Declaration, the partners, counsel and associates of Sandberg: (a) do not have any connections with the Debtor, its affiliates, creditors or any other parties in interest or its attorneys and accountants; (b) do not have any connections with the United States Trustee and key staff members of the United States Trustee's office; (c) do not have any connections with United States Bankruptcy Judges in the Eastern District of Missouri; and (d) do not and will not hold or represent any interest adverse to the Debtor or its estate with respect to any matter on which Sandberg has been or will be employed.

21. Sandberg's employment is necessary and in the best interest of the Debtor and the Debtor's estate.

## NOTICE

22. The Debtor will provide notice of this application to: (a) the Office of the United States Trustee for the Eastern District of Missouri and any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of service. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23. No prior request for the relief sought in this application has been made to this or any other Court in connection with this Chapter 11 case.

WHEREFORE, Debtor prays this Court make and enter its Order authorizing the Debtor to retain and employ the law firm of Sandberg Phoenix on the terms set forth herein, and that the compensation of Sandberg Phoenix is subject to approval by the Court in accordance with 11 U.S.C. §328 and granting such other and further relief as this Court deems just and proper.

Dated: January 14, 2024                    Respectfully submitted,

                                                  THE DESAI LAW FIRM, LLC

                                  By: */s/ Spencer P. Desai*
                                         Spencer P. Desai, #39877
                                         13321 North Outer Forty Road, Suite 300
                                         St. Louis, MO 63017
                                         Telephone: (314) 666-9781
                                         Facsimile: (314) 448-4320
                                         spd@desailawfirmllc.com

                                         *Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies on the 14th day of January 2025, that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri which will send notification of such filing to the registered parties in interest and by first class mail, postage pre-paid, to the following:

| | |
|---|---|
| Office of the United States Trustee<br>111South 10th Street, Room 6.353<br>St. Louis, Missouri 63102 | Joshua M. Jones<br>U.S. Attorney's Office<br>111 S. 10th Street, Suite 20.333<br>St. Louis, Missouri 63102 |
| Bruce D. LeMoine<br>Armstrong Teasdale<br>7700 Forsyth Boulevard<br>Suite 1800<br>St. Louis, Missouri 63105-1847 | Eric Peterson<br>Spencer Fane<br>1 North Brentwood Ave.<br>Clayton, MO 63105 |
| Nathan S. Puckett<br>Assistant City Counselor – City of St. Louis<br>1200 Market Street<br>City Hall, Room 314<br>St. Louis, MO 63103 | James W Byrne<br>3 Highland Place<br>Saint Louis, MO 63122 |
| Joseph B Basralian<br>& Daniele V Basralian<br>24 Fairfax Terrace<br>Chatham, NJ 07928 | Lester Nydegger<br>c/o Scott Moore<br>Lewis Rice<br>600 Washington Ave, 25FL<br>Saint Louis, MO 63101 |

| | |
|---|---|
| Robert E. Eggmann, Esq.<br>Thomas H. Riske, Esq.<br>Carmody MacDonald P.C.<br>120 South Central Avenue, Ste. 1800<br>St. Louis, Missouri 63105 | J. Talbot Sant, Jr.<br>640 Cepi Dr. Suite A<br>Chesterfield, MO 63005 |
| John J. Hall<br>Lewis Rice LLC<br>600 Washington Avenue, Suite 2500<br>St. Louis, Missouri 63101 | Alan C. Hochheiser<br>Maurice Wutscher LLP<br>23611 Chagrin Blvd. Suite 207<br>Beachwood, OH 44122 |

/s/ *Spencer P. Desai*