IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 24-43233-357 |
| | ) | Honorable Brian C. Walsh |
| **URBAN CHESTNUT BREWING COMPANY, INC.** | ) ) ) | Chapter 11 Proceeding |
| | ) | Hearing Date: May 21, 2025 |
| EIN - 27-1324055 | ) | Hearing Time: 11:00 a.m. |
| Debtor. | ) | Location:  Courtroom 5 North |
| | ) | |
| | ) | Spencer P. Desai, Esq. |
| | ) | Desai Law Firm LLC |
| | ) | 13321 North Outer Forty Rd., Suite 300 |
| | ) | St. Louis, Missouri 63017 |
| | ) | (314) 666-9781 |
| | ) | spd@desailawfirmllc.com |

**AMENDED MOTION OF DEBTOR URBAN CHESTNUT BREWING COMPANY, INC. PURSUANT TO 11 U.S.C. § 365, FOR ENTRY OF AN ORDER AUTHORIZING THE <u>REJECTION OF CERTAIN EXECUTORY CONTRACTS</u>**

> **PARTIES TO UNEXPIRED EXECUTORY CONTRACTS RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES ON EXHIBIT A ATTACHED**

COME NOW Urban Chestnut Brewing Company, Inc. ("Debtor"), by and through the undersigned counsel, and for its Motion for Entry of an Order Authorizing the Rejection of Certain Executory Contracts (the "Motion"), state to the Court as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Debtor brings this Motion pursuant to 11 U.S.C. §§ 105(a) and 365(a).

**INTRODUCTION**

4. The Debtor operates a craft brewery and restaurant. In order to sell its beer products beyond its retail locations, the Debtor has entered a number of Wholesale Distribution Agreements and Wholesaler Assignment Agreements ("Wholesale Agreements") with various parties.

5. The Debtor filed a Motion to Sell Substantially All Its Assets Free and Clear of Liens (Doc. 70) to Keg Holdings LLC ("Sale Motion"). The Sale Motion was granted on March 18, 2025 ("Sale Order") (Doc. 179). The closing on the Sale is scheduled for April 11, 2025.

**RELIEF REQUESTED**

6. The Debtor seeks entry of on order, under Sections 105(a) and 365(a) of the Bankruptcy Code, to reject the Wholesale Agreements and identified on the attached Exhibit A (the "Rejected Contracts").

7. The closing of the sale transaction is expected to take place on April 11, 2025, or soon thereafter. Upon the closing of the sale, the Debtor's business operations will cease and the Debtor will no longer be licensed as a malt beverage or wine manufacturer in the State of Missouri.

8. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume, assume and assign or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See *Four B. Corp. v. Food Barn Stores, Inc.* (*In re Food Barn Stores, Inc.*), 107 F.3d 558, 567 n.16 (8th Cir. 1997) ("Although the court uses a business judgment test in deciding whether to approve a trustee's motion to assume, reject, or assign an unexpired lease or executory contract, this entails a determination that the transaction is in the best interest of the estate."); *In re Steaks to Go, Inc.*, 226 B.R. 35, 37 (Bankr. E.D. Mo. 1998) ("Generally, a Bankruptcy Court is to review a decision by a debtor in possession

or a trustee to reject an executory contract, and order rejection if the rejection is based on the debtor or trustee's best business judgment in the circumstances."); see also *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts under section 365 of the Bankruptcy Code is that of "business judgment"); In re GP Express Airlines, Inc., 200 B.R. 222, 230 (Bankr. D. Neb. 1996) ("In deciding whether to approve a debtor's assumption of an executory contract, bankruptcy courts usually apply the best business judgment test. The best business judgment test generally requires a showing that assumption of an executory contract benefits and is in the best interests of the bankruptcy estate and is the result of the exercise of reasonable business judgment.").

9. Courts generally will not second-guess a debtor's reasonable and good faith business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See, e.g., *Food Barn Stores*, 107 F.3d at 567 n.16 ("Where the trustee's request is not manifestly unreasonable or made in bad faith, the court should normally grant approval '[a]s long as [the proposed action] appears to enhance [the] debtor's estate.'") (quoting *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (alterations in original)); *Crystalin, L.L.C. v. Selma Props., Inc.* (*In re Crystalin*, L.L.C.), 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003) ("If the initial test is met, the bankruptcy court should not interfere with the trustee or debtor-in-possession's business judgment 'except upon a finding of bad faith or gross abuse of their business discretion.'") (quoting *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985) (internal quotation marks omitted)).

10. The "business judgment" test is not a strict standard; it merely requires a showing that assumption of the executory contract will benefit the debtor's estate. See *Crystalin*, 293 B.R. at 463-64 ("[The business judgment test] is not an onerous [test] and does not require the bankruptcy court to place 'itself in the position of the trustee or debtor-in-possession and

3

determin[e] whether assuming the [lease] would be a good business decision or a bad one.'") (quoting *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1099 (2d. Cir. 1993) (fourth alteration in original)); *Sundial Asphalt Co., Inc. v. V.P.C. Investors Corp.* (*In re Sundial Asphalt Co., Inc.*), 147 B.R. 72, 81 (E.D.N.Y. 1992) ("Under the 'business judgment' test, an executory contract for the sale of land should be rejected if the debtor can demonstrate that rejection will benefit the estate"). Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Ctrs., Inc.* (*In re Rickel Home Ctrs., Inc.*), 209 F.3d 291, 298 (3d Cir. 2000); see also *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (holding section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed") (internal quotation marks and citation omitted).

11. The Wholesale Agreements are not necessary or valuable in any way to the Debtors' estates. Therefore, the Debtor believes that rejecting the Wholesale Agreements is in the best interest of the Debtor's estate.

12. The Debtor also respectfully submits that it is appropriate for the Court to deem the Wholesale Agreements rejected retroactive to April 11, 2025 or the closing date. Courts in this District and others have held that bankruptcy courts may, in their discretion, authorize rejection under section 365 of the Bankruptcy Code retroactive to a date prior to entry of the order authorizing such rejection. See, e.g., Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code, Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to the Date of this Motion, *In re Peabody Energy Corp.*, No. 16-42529 (Bankr. E.D. Mo. May 17, 2016) (Docket No. 521); Order Pursuant to Sections 105(a) and 365 of the Bankruptcy Code Authorizing the Rejection of Certain Executory Contracts Nunc Pro Tunc to the Petition

4

Date, *In re Noranda Aluminum, Inc.*, No. 16-10083 (Bankr. E.D. Mo. Mar. 15, 2016) (Docket No. 419) (granting debtors' motion to reject certain executory contracts, nunc pro tunc to the petition date); Order Authorizing the Rejection of Certain Executory Contracts, *In re Arch Coal, Inc.*, No. 16-40120 (Bankr. E.D. Mo. Feb. 24, 2016) (Docket No. 390) (entering order granting debtors' motion to reject certain executory contracts nunc pro tunc to the petition date).

13. In this instance, the balance of the equities favors the relief requested herein. The Debtor's business operations will conclude on April 11 (or the closing date) and the Wholesale Agreement holders will not be unduly prejudiced because the Debtor cannot legally perform under the Wholesale Agreements after the closing date.

## **COMPLIANCE WITH BANKRUPTCY RULE 6006(f)**

14. F.R.B.P. 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. F.R.B.P. 6006(f) states, in part, that such a motion shall:

(1) state in a conspicuous place that the parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2) list parties alphabetically and identify the corresponding contract or lease;

(3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

  (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

  (5) be numbered consecutively with other omnibus motions to assume, assign or reject executory contracts or unexpired leases; and

  (6) be limited to no more than 100 executory contracts or unexpired leases. See F.R.B.P. 6006(f).

15. The Debtor submits that the relief requested in this motion complies with the requirements of F.R.B.P. 6006(f).

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) approving the relief sought in this Motion, (ii) providing that the Wholesale Agreements identified on the attached **Exhibit A** are deemed rejected effective as of the date of this Motion, (iii) providing that any and all claims related to rejection of the Wholesale Agreements shall be classified as prepetition claims to the extent allowed and filed, and (iv) providing such other and further relief as the Court deems just and equitable.

Dated: April 28, 2025      Respectfully submitted,

            THE DESAI LAW FIRM, LLC

            By: */s/ Spencer P. Desai*
              Spencer P. Desai, #39877
              13321 North Outer Forty Road, Suite 300
              St. Louis, MO 63017
              Telephone: (314) 666-9781
              Facsimile: (314) 448-4320
              spd@desailawfirmllc.com

              ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 28th day of April, 2025, that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri which will send notification of such filing to the registered parties in interest and by first class mail, postage pre-paid, to the following:

| | |
|---|---|
| Office of the United States Trustee<br>111South 10th Street, Room 6.353<br>St. Louis, Missouri 63102 | Joshua M. Jones<br>U.S. Attorney's Office<br>111 S. 10th Street, Suite 20.333<br>St. Louis, Missouri 63102 |
| Bruce D. LeMoine<br>Armstrong Teasdale<br>7700 Forsyth Boulevard<br>Suite 1800<br>St. Louis, Missouri 63105-1847 | Eric Peterson<br>Spencer Fane<br>1 North Brentwood Ave.<br>Clayton, MO 63105 |
| Nathan S. Puckett<br>Assistant City Counselor – City of St. Louis<br>1200 Market Street<br>City Hall, Room 314<br>St. Louis, MO 63103 | James W Byrne<br>3 Highland Place<br>Saint Louis, MO 63122 |
| Joseph B Basralian<br>& Daniele V Basralian<br>24 Fairfax Terrace<br>Chatham, NJ 07928 | Lester Nydegger<br>c/o Scott Moore<br>Lewis Rice<br>600 Washington Ave, 25FL<br>Saint Louis, MO 63101 |
| Robert E. Eggmann, Esq.<br>Thomas H. Riske, Esq.<br>Carmody MacDonald P.C.<br>120 South Central Avenue, Ste. 1800<br>St. Louis, Missouri 63105 | J. Talbot Sant, Jr.<br>640 Cepi Dr. Suite A<br>Chesterfield, MO 63005 |
| John J. Hall<br>Lewis Rice LLC<br>600 Washington Avenue, Suite 2500<br>St. Louis, Missouri 63101 | Alan C. Hochheiser<br>Maurice Wutscher LLP<br>23611 Chagrin Blvd. Suite 207<br>Beachwood, OH 44122 |

/s/ *Spencer P. Desai*

# EXHIBIT A

Case 24-43233    Doc 204    Filed 05/01/25    Entered 05/01/25 10:31:41    Main Document
Pg 8 of 9

# EXHIBIT A

| Wholesaler Name | Address 1 | City | State | Zip |
|---|---|---|---|---|
| Abu Nawas Beverage Company | PO Box 1 | Elkader | Iowa | 52043 |
| Ajax Turner | 4010 Centrepointe Drive | La Vergne | TN | 37086 |
| Breakthru Beverage STL | 6701 Southwest Avenue | St. Louis | MO | 63143 |
| Brewers Distributing Company | 2421 W Townline Rd | Peoria | IL | 61615 |
| Donnewald Distributing Company | 2100 Samuel W Andrews Drive | Greenville | IL | 62246 |
| Dynamo Distributing | 1551 Clovis Barker Road, Suite 301 | San Marcos | TX | 78666 |
| Golden Eagle Distributing | 9669 Missouri Hwy 168 | Hannibal | MO | 63401-6545 |
| Golden Eagle Illinois | 449 S Sandy St. | Jacksonville | IL | 62650 |
| Grey Eagle Distributors | 801 Assembly Parkway | Fenton | MO | 63026 |
| Grey Eagle Illinois | #1 Busch Boulevard | Belleville | IL | 62223 |
| H. W. Herrell Distributing Company | 1002 White St. | Imperial | MO | 63052 |
| Heartland Beverage | 750 N 17th St | St. Charles | IL | 60174 |
| It's Good Imports | 150 Pilgrim Park Road | Waterbury | Vermont | 05676 |
| LaMonica Beverages, Inc. | 4060 Rock Valley Parkway | Loves Park | IL | 61111 |
| Missouri Eagle | 242 Highway Mm | Lebanon | MO | 65536 |
| N H Scheppers Distributing | 2300 St Marys Blvd | Jefferson City | MO | 65109 |
| Progressive Distribution | 110 Bomar Ct. | Longwood | FL | 32750 |
| Rinella Company | 2001 Seminary Road | Quincy | IL | 62301 |
| Skeff Distributing Company | 3585 E L&A Industrial Drive | Decatur | IL | 62521 |
| Wil Fischer Companies | 3539 W. Farm Road 142 | Springfield | MO | 65807 |
| Zink Distributing Company | 3150 Shelby Street | Indianapolis | IN | 46227 |