# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| **URBAN CHESTNUT BREWING COMPANY, INC.** | ) Case No. 24-43233 |
| | ) |
| | ) Chapter 11 |
| | ) |
| **Debtor.** | ) |
| | ) |

## UNITED STATES OF AMERICA'S MOTION FOR HEARING

COMES NOW the United States of America, on behalf of its agency, the Internal Revenue Service (the "IRS"), by and through its counsel, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney for the Eastern District of Missouri, and for its Motion for Hearing, states as follows.

1. Debtor Urban Chestnut Brewing Company, Inc. ("Urban Chestnut") filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code on September 6, 2024. *See* Doc. 1.

2. On October 6, 2024, Urban Chestnut filed a motion seeking authority to sell substantially all of its assets. *See* Doc. 70 (the "Motion to Sell"). In the Motion to Sell, Urban Chestnut identified Keg Holdings, LLC ("Keg Holdings"), as its stalking horse bidder with a bid of $2,550,000. As part of its proposed bidding procedures, Urban Chestnut proposed that any potential bidders other than the stalking horse bidder would need to submit a "Qualified Bid" which was defined a bid that was greater than the sum of the $2,550,000 plus a designated break-up fee (among other conditions).

1

3. On January 21, 2025, Urban Chestnut filed a notice indicating it had not received a qualifying bid, and therefore no auction would take place. *See* Doc. 137. Accordingly, Keg Holdings would almost certainly become the successful bidder.

4. On February 12, 2025, the United States consented to the Motion to Sell, citing an agreement that had been reached between the parties which was memorialized in a "Stipulation Resolving Small Business Administration Objection to Debtor's Motion to Sell Assets" (the "SBA Stipulation"). *See* Doc. 160. The SBA Stipulation provided that the "net proceeds from the sale of [Urban Chestnut's] ownership [50%] ownership interest in [Urban Chestnut Hallertauer Brauerei], shall be deposited in an escrow account." *See* Doc. 148 at 2. The SBA Stipulation further provides that the escrowed funds "shall remain in escrow pending approval" of the stipulation by this Court. *Id.*

5. On March 18, 2025, this Court entered an order granting the Motion to Sell. *See* Doc. 179. In its order, this Court noted that Urban Chestnut's 50% ownership interest in Urban Chestnut Hallertauer Brauerei were excluded from the assets being sold. *Id.* at 8. Thus, that asset remains an asset of the bankruptcy estate.

6. The United States has a lien on Urban Chestnut's 50% ownership interest in Urban Chestnut Hallertauer Brauerei. As part of the SBA Stipulation, Keg Holdings agreed to reimburse Urban Chestnut up to $5,000 for the fees and costs of liquidating the 50% ownership interest. Keg Holdings would be compensated for the fees and costs (up to $5,000) from the liquidated funds, with the remainder put into escrow. Once the remaining funds are in escrow, the United States could make a claim to the funds citing its lien interests, and Midlands State Bank has agreed that the United States lien "will be given first priority."

7. The United States anticipates that the Official Committee of Unsecured Creditors will attempt to object to the United States' lien against the escrowed funds. As a result, the United States anticipates that significant briefing and argument will be necessary. However, that process cannot begin until Urban Chestnut liquidates its 50% ownership interest in Urban Chestnut Hallertauer Brauerei.

8. Accordingly, the United States requests this Court schedule a status conference in this matter, with the goal of discussing (a) Urban Chestnut's progress in liquidating its 50% ownership interest in Urban Chestnut Hallertauer Brauerei; (b) whether the Unofficial Committee of Unsecured Creditors or any other party anticipates objecting to the United States' right to recover the escrowed funds (once those funds are, in fact, escrowed); and if so, (c) a briefing and argument schedule.

WHEREFORE, the United States prays this Court schedule a status conference in this matter, with the goal of discussing (a) Urban Chestnut's progress in liquidating its 50% ownership interest in Urban Chestnut Hallertauer Brauerei; (b) whether the Unofficial Committee of Unsecured Creditors or any other party anticipates objecting to the United States' right to recover the escrowed funds (once those funds are, in fact, escrowed); and if so, (c) a briefing and argument schedule.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney


/s/ *Joshua M. Jones*
JOSHUA M. JONES #61988MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2310
(314) 539-2287 fax
joshua.m.jones@usdoj.gov

### Certificate of Service

Pursuant to L.R. 9004(D)(1) and L.R. 9013-1(A), the undersigned hereby certifies that on September 17, 2025, a copy of the foregoing was filed electronically and therefore served by operation of the Court's CM/ECF system upon all parties in interest participating in said system.


/s/ *Joshua M. Jones*
Assistant United States Attorney