**DENIED**

For the reasons stated on the record at the September 9, 2026 hearing.

September 9, 2026

Brian C. Walsh
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 24-43233-357 |
| URBAN CHESTNUT BREWING COMPANY, INC. | ) | Hon. Brian C. Walsh<br>U.S. Bankruptcy Judge |
| Debtor. | ) | |
| | ) | Hearing Date: August 5, 2026 |
| | ) | Hearing Time: 11 a.m. |
| | ) | Hearing Location: Eagleton United States Courthouse, 111 S. 10th Street, Courtroom 5 North, St. Louis, MO 63102 |
| JERRY L. JENSEN,<br>Acting United States Trustee, | ) | |
| Movant, | ) | |
| v. | ) | Response Due: July 29, 2026 |
| URBAN CHESTNUT BREWING COMPANY, INC. | ) | |
| Respondent. | ) | |

**UNITED STATES TRUSTEE'S FOURTH MOTION TO DISMISS**
**OR CONVERT TO A CASE UNDER CHAPTER 7**

Jerry L. Jensen, Acting United States Trustee for the Eastern District of Missouri ("the U.S. Trustee"), by the undersigned Trial Attorney, respectfully requests that this Court enter an order dismissing this case or converting it to a case under Chapter 7 pursuant to 11 U.S.C. § 1112(b).

1. On September 6, 2024 (the Petition Date), Urban Chestnut Brewing Company, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor has not filed Monthly Operating Reports (MORs) for March, April, or May 2026.

3. 11 U.S.C. § 1112(b) provides that upon request of a party in interest and after notice and a hearing, the Court, for cause, shall dismiss a case or convert it to a case under Chapter 7, whichever is in the best interests of creditors and the estate unless the court determines that the appointment of a trustee or examiner under section 1104(a) is in the best interests of creditors and the estate.

4. Section 1112(b)(4) provides examples of "cause" to convert or dismiss, including but not limited to:

> (F) unexcused failure to satisfy timely any filing or reporting requirement established by [Title 11] or by any rule applicable in a case under [Chapter 11];
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any); and

5. Section 1112(b)(4)'s examples of cause are not exclusive. *Matter of Berryhill*, 189 B.R. 463, 465 (N.D. Ind. 1995) (citing *In re Gonic Realty Trust*, 909 F.2d 624, 626–27 (1st Cir. 1990)).

6. 11 U.S.C. § 704(a)(8), which is made applicable to Chapter 11 debtors-in-possession by 11 U.S.C. §§ 1106(a)(1) and 1107(a), requires debtors-in-possession to file with the Court, the United States Trustee, and any governmental unit charged with responsibility for collection or determination of any tax arising out of the operation of the debtor's business, "periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States Trustee or the court requires."

7. MORs and the information they contain are the "life-blood of the Chapter 11 process" and are more than "mere busy work." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991).

8. Without timely MORs and the accompanying account statements, the United States Trustee cannot perform its duties of monitoring, for example, a debtor's solvency, its ability to reorganize, or its management of the estate. *See In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("Without these reports, the UST and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization.")

9. "The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize." *Id.* at 384.

10. "Consequently, the importance of filing monthly reports cannot be over-emphasized. A debtor ignores this basic duty at its own peril." *Id.*

11. The Debtors' failure to file any MORs or provide the accompanying account statements constitutes cause to dismiss or convert this case under 11 U.S.C. § 1112(b)(4)(F) and (H).

12. Finally, the Debtor appears to be unable to confirm a plan or otherwise resolve this case.

13. There are no unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate under 11 U.S.C. § 1112(b)(2).

WHEREFORE, for the reasons set forth above, the U.S. Trustee respectfully requests that the Court dismiss this case or convert it to Chapter 7, whichever is in the best interests of creditors and the estate.

Respectfully submitted,

JERRY L. JENSEN
Acting United States Trustee

PAUL A. RANDOLPH
Assistant United States Trustee

/s/ Joseph Schlotzhauer
Joseph Schlotzhauer, E.D. Mo #62138MO
United States Department of Justice
Office of the U.S. Trustee
111 South 10th Street, Suite 6.353
St. Louis, MO 63102
(314) 539-2980 (Phone)
(314) 539-2990 (Fax)
joseph.schlotzhauer@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed electronically on June 26, 2026, with the United States Bankruptcy Court and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court and has been served by Regular United States Mail Service, first class, postage fully pre-paid, address to those parties listed on the attached Court's Master Mailing List on June 26, 2026.

/s/Tavia Shreefer
Tavia Shreefer, Paralegal Specialist